## UNITED STATES v. DENNISTON.
### No. 296.

Circuit Court of Appeals, Second Circuit.
May 3, 1937.

Samuel Hershenstein, of New York City (Harold H. Corbin, Edward J. Bennett, and Nathan Grossman, all of New York City, of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New York City (Francis A. Mahony, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellant was, on December 28, 1934, indicted by a grand jury sitting in the Southern District of New York for willful and fraudulent evasion of income taxes for the calendar years 1931, 1932, and 1933; there being a count in the indictment for each year. On January 7, 1935, the defendant pleaded not guilty in the District Court for the Southern District of New York and was released on bail. He had made, on October 18, 1934,

an offer in compromise of any civil and criminal liability, none of which was admitted, and tendered the government his check but his offer was refused, though not until after he was indicted.

Having failed to effect a settlement, the appellant appeared in open court in the District Court for the above-mentioned district on May 27, 1936, with his attorney who asked leave to withdraw the plea of not guilty and to enter a plea of nolo contendere. After some consideration had been given to the question of the power of the court to impose a sentence of imprisonment upon a plea of nolo contendere and the conclusion reached that such power existed, the plea was accepted. Statements as to sentence were thereupon made to the court both by the attorney for the government who urged a prison sentence and by the attorney for the appellant who opposed that. Before the court had acted on the matter of sentence, the appellant's attorney requested the court to defer that until June 17th and was informed that sentence would be so deferred provided a plea of guilty was entered. The attorney then asked appellant: "Well, what do you say?" To which appellant replied: "What can I say?" Whereupon when the court inquired whether the plea was guilty the attorney replied, "Yes." This was done in the presence of the appellant and with his apparent acquiescence and then sentence was deferred.

That afternoon the appellant appeared in court with another attorney who asked leave to withdraw the plea of guilty and to enter a plea of not guilty. This motion was referred to another judge, was continued until heard by him on October 10, 1936, and then evidence was presented showing the circumstances under which the plea of guilty had been entered. The application was denied and a sentence of imprisonment imposed on each count; the sentences being made to run concurrently.

The evidence gave the court ample ground for deciding the motion as it did on the factual basis that the plea of guilty sought to be withdrawn had been entered in the presence of the appellant in open court by his attorney, a competent and experienced member of the bar, who then acted with the knowledge, comprehension, and acquiescence of the appellant. The appellant is an intelligent man who certainly must have known that a

plea of guilty deprived him of the right to a trial on the merits though it is now, but without adequate supporting evidence, argued that the proceedings were confusing. It is apparent from the record before us that the appellant had been prompted to ask leave to plead nolo contendere by the thought, engendered by what 'he knew had happened following a like plea in a somewhat similar case, that he would be sentenced only to pay a fine. As what transpired just before his plea of guilty was entered made it clear that a prison sentence might be expected and he was very anxious to be able to attend the commencement exercises of two sons who were to be graduated from college in June, he was clearly but securing the postponement of what was apparently inevitable. Nor was there any coercion. He was subject to the immediate imposition of a prison sentence on his plea of nolo contendere, Hudson v. United States, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347, and the request to defer sentence had been denied, at least by implication, when the plea of guilty was entered. Though that plea was plainly to fulfill a condition upon the granting of his request for delay in the imposition of sentence, the request itself was based upon nothing but the desire of the appellant to have the court suit its action to the personal convenience of one who already had foregone his right to contest the charges made against him and was entitled only to such consideration as to sentence as the court saw fit to accord him in the exercise of its sound discretion.

But there is a technical objection to the plea itself. It is argued that as it was entered by the attorney and not by the appellant personally it is of no effect. While it is true that in ancient times when the rights of an accused were comparatively few much stress was laid upon the formality of arraignment and plea, especially in felony cases, and plenty of authority may be found to the effect that a plea of guilty at common law had to be made by the accused himself after he had been adequately identified, we are not disposed to subscribe to such rigidity of procedure. The reason for it has disappeared with the acceptance and use of modern methods which preserve the substance of all the rights of· an accused person without so much sacrifice of the rights of the public before the altar of mere form. If an indicted person is actually present in open court with his attorney who is competent to represent him and does so under circumstances which fairly show that the attorney speaks for his client who understands what is being done and its import and who acquiesces when the attorney enters a plea of guilty for him, nothing but a slavish adherence to archaism could underlie a holding that the plea was void. When the essential presence of an accused in the court having jurisdiction is a fulfilled condition, there is no express requirement in the federal law that in pleading to an indictment he must actually speak for himself or remain mute in order that a valid plea may be entered. And what was said in Garland v. State of Washington, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772, in overruling Crain v. United States, 162 U.S. 625, 16 S.Ct. 952, 40 L.Ed. 1097, as to compliance with ancient formality in respect to arraignment, seems a clear guide to decision on the point now before us. Let the accused be actually present in the court of competent jurisdiction; let the circumstances show clearly that he knew and understood what was being done; let it be made clear that he acquiesced in a plea of guilty then entered for him by his attorney and the plea should have exactly the same force and effect as though he had spoken himself in the words of the attorney. So we hold the plea of guilty valid.

Once made, the appellant could not withdraw his plea as a matter of right, United States v. Bayaud (C.C.) 23 F. 721; Gleckman v. United States (C.C.A.) 16 F.(2d) 670; though in the sound discretion of the court he might be permitted so to do and he would then have the same rights and privileges that he had before the plea was entered. Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009. However, we can perceive no abuse of discretion in this case in requiring the appellant to accept the consequences of his plea. There is some intimation that he has a meritorious defense but no real foundation for any such belief has been shown.

Judgment affirmed.