## MERRITT v. HUNTER.
### No. 3706.

United States Court of Appeals
Tenth Circuit.
Nov. 5, 1948.

**740**

Samuel J. Frazin, of Denver, Colo., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Lester Luther, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

By this habeas corpus proceedings, petitioner seeks release from a four year sentence imposed in the United States District Court for the Western District of Missouri upon a plea of guilty to a violation of the Dyer Act, 18 U.S.C.A. § 408.[1] As grounds for the writ petitioner alleges that when he appeared before the sentencing court he did not have "adequate" counsel; that he was not informed of the nature of the charge against him; and, that he was not given an opportunity to enter his own plea or make a statement in his behalf. Finding that petitioner failed to establish the truth of his allegations, the trial court denied the writ and this appeal followed.

Petitioner's testimony in support of his allegations is flagrantly inconsistent. He stated that he did not employ the counsel who appeared before the sentencing court, and then related the amount of fee he paid counsel. He stated that when he appeared before the sentencing court he did not know the nature of the charge against him. He later testified that when the federal warrant was issued for his arrest for a violation of the Dyer Act he was being held by state authorities under a fugitive warrant and he decided to plead to the federal charge to avoid prosecution under the Habitual Criminal Act of Missouri, Mo.R.S.A. § 4854, which carried a twenty-five year sentence. He also admitted that the Assistant United States Attorney read the charge in open court and in his presence. He further testified that he was not allowed to enter his own plea or make a statement in his behalf; that when a plea of guilty was entered by his counsel he remained silent only because he had been told if he did not the court would give him the maximum sentence. Yet he admitted having freely entered into a discussion of his former criminal record at the time sentence was imposed.

The transcript of proceedings in the sentencing court, which petitioner introduced in evidence and relied upon to substantiate his allegations, discloses that petitioner appeared in court with counsel; that counsel stated he represented the accused and was informed as to the nature of the charge in the pending indictment; that the accused desired to waive formal arraignment and enter a plea of guilty. Upon inquiry by the court the Assistant United

---

[1] 1948 Criminal Code, 18 U.S.C.A. §§ 2311–2313.

States Attorney made an extensive statement as to the charge and informed the court that the defendant had signed a statement admitting a violation of the Dyer Act and wished to plead guilty. After all the facts were before the court and before sentence was imposed, counsel made a plea for leniency.

 There is nothing in the entire record, or petitioner's own testimony which tends to show that he did not receive effective assistance of counsel throughout the proceedings. Moreover, "one who appears before the court with counsel employed for his defense is not deprived of his constitutional right to the assistance of counsel merely because in retrospection he concludes that such representation did not meet his standards of effectiveness." Moss v. Hunter, 10 Cir., 167 F.2d 683, 684. See also Ex parte Haumesch, 9 Cir., 82 F.2d 558; Crum v. Hunter, 10 Cir., 151 F. 2d 359; Shepherd v. Hunter, 10 Cir., 163 F.2d 872.

Petitioner's contention that he did not know the nature of the charge against him until after he had entered upon the service of his sentence is clearly refuted by his own testimony. Upon interrogation by the trial court he admitted that he understood the charge as explained by the Assistant United States Attorney in open court.

Due process does not require that one charged with a criminal offense shall be called upon to plead in his own behalf when he is represented by counsel who undertakes to act for him. Especially is this true, when as here, it is shown that the petitioner understood the charge against him, the nature and consequence of the plea in his behalf, and no prejudice is shown. See Garland v. State of Washington, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772; United States v. Denniston, 2 Cir., 89 F.2d 696, 110 A.L.R. 1296, certiorari denied 301 U.S. 709, 57 S.Ct. 943, 81 L.Ed. 1362; Annotation 110 A.L.R. 1300. Due process does not depend upon any such requirements. See Betts v. Brady, 316 U. S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595; Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330.

Petitioner invokes Rule 10 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which provides that an "arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to plead thereto. * * *" He says in effect that failure to call upon him to plead out of his own mouth deprived the court of jurisdiction to impose the sentence. Obviously, arraignment in accordance with Rule 10 is intended to be a safeguard for due process—a pattern for a fair hearing. It is only when failure to observe this safeguard amounts to denial of due process, that the court is deprived of jurisdiction. The fair administration of criminal justice does not depend upon any such procedural niceties. See Garland v. State of Washington, supra; United States v. Denniston, supra.

Undoubtedly, arraignment can be competently and intelligently waived, as any other safe guard—it was waived in this case, and the judgment should be affirmed.

Affirmed.