**BROWN v. UNITED STATES.**

No. 14,076.

United States Court of Appeals Eighth Circuit.

June 9, 1950.

See also 333 U.S. 18, 68 S.Ct. 376, 92 L.Ed. 442.

Frederick W. Lehmann, St. Louis, Mo. (appointed by the Court) for appellant.

Harry F. Murphy, Asst. U. S. Atty., Kansas City, Mo. (Sam M. Wear, U. S. Atty., and David A. Thompson, Asst. U. S. Atty., Kansas City, Mo. on the brief) for appellee.

Before SANBORN, JOHNSEN and RIDDICK, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion of the appellant for the vacation of a sentence imposed by the District Court on January 17, 1946, upon a plea of guilty entered on behalf of the appellant, in his presence, by counsel appointed for him by the court. The offense with which the appellant was charged was a violation of the Federal Escape Act, § 753h, Title 18 U.S.C. [now 18 U.S.C.A. § 751].

This Court appointed counsel to represent the appellant on this appeal. We are indebted to counsel for a brief and argument which fully present the appellant's contentions in the light most favorable to him.

■ An examination of the record, however, convinces us that the District Court carefully protected the appellant's rights in the proceedings leading up to the entry of the plea of guilty for him by his counsel; that his counsel competently investigated the appellant's case, did nothing to mislead him, and acted for his best interests; and that the District Court was fully justified in accepting the plea of guilty. The con-tention, now made, that the appellant desired to enter a plea of not guilty and stand trial, is not borne out by the record. That an attorney for a defendant in a criminal case may, in his presence and on his behalf, enter a plea of guilty for him, is not open to question. United States v. Denniston, 2 Cir., 89 F.2d 696, 698, 110 A.L.R. 1296, certiorari denied 301 U.S. 709, 57 S.Ct. 943, 81 L.Ed. 1362; United States v. Moe Liss, 2 Cir., 105 F.2d 144, 145; Merritt v. Hunter, 10 Cir., 170 F.2d 739, 741; Mayes v. United States, 8 Cir., 177 F.2d 505, 507.

■ Our conclusion is that the sentence imposed upon the appellant was in all respects a valid one.

The order appealed from is affirmed.