ISRAEL JIMÉNEZ MELÉNDEZ, Petitioner, *v.* JAMES M. JONES, ACTING WARDEN OF THE INSULAR PENITENTIARY, Respondent.

No. 557. Argued December 18, 1952.—Decided January 7, 1953.

*Santos P. Amadeo, B. Pérez Marchand* and *Antonio J. Amadeo,*. for petitioner. *Juan B. Fernández Badillo, Acting Secretary· of Justice, J. Rivera Barreras, Fiscal of the Supreme Court,.* and *Rafael L. Ydrach Yordán, Assistant Fiscal,* for respond-- ent. ·

MR. JUSTICE ORTIZ delivered the opinion of the Court.

Israel Jiménez Meléndez, petitioner herein, was accused of the offense of murder in the first degree in the former ·District Court of Arecibo. On September 15, 1943, and after the jury was impanelled, counsel for the defendant in the presence of the latter, entered a plea of guilty of murder in the second degree. The district attorney refused to reduce the degree of the offense and insisted in prosecuting the case on the original ground of murder in the first degree. The trial judge ordered the introduction of the evidence of the government and of defendant, if the latter so desired, and the jury would then determine whether he was guilty of murder in the first or second degree. Counsel for the defendant expressly agreed to the ruling of the Court. Defendant, personally, remained silent through all the stages of the proceeding, and particularly, he did not make any statement when the plea of guilty of murder in the second degree was made by his attorney, nor was he in any way questioned or advised by the trial judge.

After the prosecuting attorney introduced his evidence, defendant's counsel stated that he would not offer any evidence at all. The trial judge charged the jury that they· could render a single verdict of guilty either of the offense of murder in the first degree or murder in the second degree.

The jury found defendant guilty of murder in the first degree and on that same day the court sentenced him to life imprisonment. Defendant challenges now before this Court the validity of that sentence by way of a writ of habeas corpus.

 Irrespective of the validity of the procedure followed by the trial court in allowing the jury, and not the judge himself, to determine whether defendant was guilty of murder in the first or second degree, said sentence is void, since it was grounded on a plea which lacked validity, inasmuch as the petitioner did not plead guilty of murder in the second degree by himself and in person as is categorically required by § 164 of our Code of Criminal Procedure, for it was not legally sufficient that the plea of guilty was entered by petitioner's counsel alone without the personal intervention of petitioner himself.

The aforementioned § 164 provides the following:

"A plea of guilty can be entered only by the defendant *himself* in open court, unless upon information against a corporation, in which case it may be put in by counsel. The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted." (Italics ours.)[1]

The requirement of § 164 that the plea of guilty be put in by defendant himself, and not by his attorney (as it also appears in establishing the sole exception as to corporations) is mandatory and can only be complied with when defendant personally makes his plea in direct terms, explicitly and expressly, nothing being left to implication. *People* v. *Thompson*, 4 Cal. 239; *People* v. *McCrory*, 41 Cal. 458; *People* v. *Manrique*, (Cal.) 206 Pac. 63; *Ex parte Brain*,

---

[1] Section 1018 of the California Penal Code, equivalent to § 164 of our Code, provides the following:

"A plea of guilty can be put in *by the defendant himself* only in open court, unless upon indictment or information against a corporation, in which case it may be put in by counsel. The court may at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted." (Italics ours.)

(Cal.) 233 Pac. 390; *People* v. *Stratton*, 24 P. 2d 174, 1933; *United States* v. *Giménez*, 34 Phil. 74, and other cases cited in the annotation in 110 A.L.R. 1300, 1302.

▇ Section 1018 of the California Penal Code, equivalent to § 164 of our Code, was approved in 1872. Said Section was predicated on § 301 of the former Code of Criminal Procedure of 1851, which provided also that no plea of guilty could be put in except by defendant himself. The cases of *People* v. *Thompson* and *People* v. *McCrory*, *supra*, were decided in the light of the provisions of § 301, reproduced later in 1872 by the above-mentioned § 1018. Therefore, in adopting said § 1018 we implicitly adopted the old § 301, with the judicial construction given to it in California. *Nieves* v. *Jones, Acting Warden*, 72 P.R.R. 272.

Federal courts have held the opposite rule, indicating that the requirement to the effect that the plea be made orally by defendant himself, is archaic and obsolete, and is in accord with the strict and formal practices of the Common Law, which should not be in force nowadays when cases are decided on grounds of substantial justice and realities, the essential presence of defendant being sufficient at the time of the plea and said defendant being represented by his attorney. *U. S.* v. *Denniston*, 89 F. 2d 696, 110 A.L.R. 1296; *U. S.* v. *Moe Liss*, 105 F. 2d 144; *Merritt* v. *Hunter*, 170 F. 2d 139; *Mayes* v. *U. S.*, 177 F. 2d 505; *Taylor* v. *U. S.*, 182 F. 2d 473; *Brown* v. *U. S.*, 182 F. 2d 933. Nevertheless, those cases were decided without the support of a statutory requirement as specific and categoric as the one prevailing in Puerto Rico (110 A.L.R. 1300, 1302). Section 164, already cited, is so manifestly clear in its terms, that it leaves us without choice to establish a different criterion as to the essential justice, contrary to the letter of the statute.[2]

---

[2] Section 335 of the Code of Criminal Procedure of New York provides that in cases of felony, defendant himself must plead guilty. Notwithstanding this, the Courts of New York have held that said mandate

■ Since the plea is void, the judgment rendered in this case is null and void, inasmuch as the sentence was essentially based on his plea of guilty, and this nullity is reviewable in a habeas corpus proceeding. *Ex parte Brain, supra. Cf. People* v. *Corbett,* 28 Cal. 331; *People* v. *Gaines,* 52 Cal. 479; *People* v. *Monaghan,* 102 Cal. 229.

The writ of habeas corpus will be granted, the judgment rendered by the former District Court of Arecibo on September 15, 1943 shall be set aside and the Superior Court of Puerto Rico, Arecibo Part, is ordered to follow subsequent proceedings not inconsistent with this opinion.

Mr. Acting Chief Justice Snyder dissented.

Mr. Justice Marrero did not take part in the decision of this case.

is complied with if defendant's plea is made through his counsel, in open court. *People* v. *Sadness,* 300 N. Y. 69, 89 N.E. 2d 188; *People ex rel Cooper* v. *Morkous,* 93 N.Y.S. 2d 226. We would rather follow the doctrine set forth in California.