ISRAEL JIMÉNEZ MELÉNDEZ, peticionario, *v.* JAMES M. JONES, JEFE INTERINO DE LA PENITENCIARÍA INSULAR, demandado.

Número 557.

*Sometido:* 18 de diciembre de 1952. *Resuelto:* 7 de enero de 1953.

*Santos P. Amadeo, B. Pérez Marchand* y *Antonio J. Amadeo,* abogados del peticionario; *Juan B. Fernández Badillo, Secretario de Justicia Interino, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Rafael L. Ydrach Yordán, Fiscal Auxiliar,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

En la antigua Corte de Distrito de Arecibo se formuló una acusación por el delito de asesinato en primer grado contra el aquí peticionario, Israel Jiménez Meléndez. Al iniciarse la vista del caso, el 15 de septiembre de 1943, y después de haberse constituído un jurado, el abogado del acusado, estando éste último presente, expuso que el acu-

sado se declaraba culpable de asesinato en segundo grado. El Fiscal se negó a bajar la calificación del delito e insistió en proseguir el caso a base de la acusación original de asesinato en primer grado. El Juez que presidía la vista dispuso entonces que se presentase la prueba del fiscal y del acusado, si este último así lo deseaba, y el jurado resolvería entonces si el acusado era culpable de asesinato en primer o en segundo grado. El abogado del acusado aceptó expresamente esa determinación del juez. El acusado, personalmente, permaneció en silencio a través de todas las etapas del procedimiento y, especialmente, no se expresó en forma alguna al formular su abogado la alegación de culpabilidad en cuanto al delito de asesinato en segundo grado, ni el juez le hizo preguntas o advertencias de clase alguna.

Al terminar el fiscal de presentar su prueba, el abogado del acusado anunció que no presentaría prueba alguna. El juez instruyó al jurado que podrían rendir solamente un veredicto de culpabilidad en cuanto al delito de asesinato en primer grado o de culpabilidad en cuanto al delito de asesinato en segundo grado. El jurado declaró al acusado culpable de un delito de asesinato en primer grado y el mismo día la corte le impuso una sentencia de reclusión perpetua. El acusado impugna ahora ante nos la validez de esa sentencia, a través de un recurso de hábeas corpus.

■ Independientemente de la validez del procedimiento seguido por el tribunal sentenciador al permitir que fuese el jurado, y no el propio juez que presidió la vista, el que determinase si el peticionario era culpable de asesinato en primer o en segundo grado, la sentencia dictada es absolutamente nula, ya que se basó en una alegación de culpabilidad que carecía de validez, pues el peticionario no se declaró culpable de asesinato en segundo grado por sí propio y personalmente, tal como lo exige categóricamente el artículo 164 de nuestro Código de Enjuiciamiento Criminal, no habiendo sido legalmente suficiente el que la alegación de culpabilidad

se hubiese formulado solamente por el abogado del peticionario, sin la intervención personal de este último.

El citado artículo 164 dispone lo siguiente:

"La confesión puede hacerse sólo por el acusado *en persona* en sesión pública del tribunal, excepto cuando la acusación sea contra una corporación, en cuyo caso podrá hacerla el abogado defensor. El tribunal puede en cualquier tiempo antes de dictar sentencia por confesión, permitir que ésta se retire y sustituya por la negación del delito imputado." (Bastardillas nuestras.) (¹)

El requisito exigido por el artículo 164 al efecto de que la alegación de culpabilidad sea hecha por el propio acusado en persona y no por su abogado (tal como surge además al establecerse la excepción única en cuanto a corporaciones) es mandatorio y solamente puede cumplirse cuando el acusado personalmente formula la alegación, en forma directa, explícita y expresa, sin que haya margen para un cumplimiento implícito. *People* v. *Thompson*, 4 Cal. 239; *People* v. *McCrory*, 41 Cal. 458; *People* v. *Manrique*, (Cal.) 206 Pac. 63; *Ex parte Brain*, (Cal.) 233 Pac. 390; *People* v. *Stratton*, 24 P.2d 174 (1933); *United States* v. *Giménez*, 34 Phil. 74, y otros casos citados en la monografía en 110 A.L.R. 1300, 1302.

El artículo 1018 del Código Penal de California, correspondiente al 164 nuestro, fué aprobado en el año 1872. Ese artículo se basó en el artículo 301 del antiguo Código de Procedimiento Criminal de 1851, que disponía también que no podía hacerse alegación alguna de culpabilidad a menos que no fuese hecha por el propio acusado personalmente. Los casos de *People* v. *Thompson* y *People* v. *McCrory*,

---

(¹) El artículo 1018 del Código Penal de California, que equivale al 164 nuestro, dispone lo siguiente:

"A plea of guilty can be put in *by the defendant himself* only in open court, unless upon indictment or information against a corporation, in which case it may be put in by counsel. The court may at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted." (Bastardillas nuestras.)

supra, fueron resueltos al amparo de dicho artículo 301, reproducido luego en el año 1872 por el ya citado artículo 1018. Por lo tanto, al adoptar nosotros dicho artículo 1018, adoptamos implícitamente el antiguo artículo 301, con la interpretación judicial que se le había dado en California. *Nieves v. Jones*, 72 D.P.R. 287.

Las cortes federales han establecido la regla contraria, indicando que el requisito de que de los propios labios del acusado surja la alegación de culpabilidad es arcaico y obsoleto, y responde a los procedimientos rígidos y formales del Derecho Común, que no deben tener vigencia en esta época moderna en que los casos se resuelven a base de realidades y de justicia sustancial, siendo suficiente la presencia esencial del acusado en el acto de la alegación, y expresándose el acusado a través de su abogado. *United States v. Denniston*, 89 F.2d 696, 110 A.L.R. 1296; *United States v. Moe Liss*, 105 F.2d 144; *Merritt v. Hunter*, 170 F.2d 139; *Mayes v. United States*, 177 F.2d 505; *Taylor v. United States*, 182 F.2d 473; *Brown v. United States*, 182 F.2d 933. Sin embargo, esos casos fueron resueltos en ausencia de una disposición estatutaria tan específica y categórica como la que prevalece en Puerto Rico (110 A.L.R. 1300, 1302). El artículo 164, ya citado, es tan claro en sus términos que no nos deja margen para establecer un criterio judicial distinto en cuanto a la justicia esencial, en forma contraria a la letra del estatuto. (²)

Siendo nula la alegación, es absolutamente nula e inválida la sentencia dictada en este caso, ya que la sentencia se basó esencialmente en la alegación de culpabilidad,

(²) El artículo 335 del Código de Enjuiciamiento Criminal de Nueva York dispone que, en casos de delitos graves, el propio acusado debe formular la alegación de culpabilidad. No obstante ello, las Cortes de Nueva York han resuelto que se cumple con tal artículo si el abogado del acusado hace la alegación en representación del acusado, estando éste presente. *People v. Sadness*, 300 N.Y. 69, 89 N.E.2d 188; *People ex rel Cooper v. Morkous*, 93 N.Y.S.2d 226. Preferimos seguir la doctrina sentada en California.

siendo revisable tal nulidad en un procedimiento de hábeas corpus. *Ex parte Brain*, supra. Cf. *People* v. *Corbett*, 28 Cal. 331; *People* v. *Gaines*, 52 Cal. 479; *People* v. *Monaghan*, 102 Cal. 229.

*Debe declararse con lugar el auto de hábeas corpus, decretarse la nulidad de la sentencia dictada por la antigua Corte de Distrito de Arecibo el día 15 de septiembre de 1943 y ordenarse a la Sala de Arecibo del Tribunal Superior de Puerto Rico que siga los procedimientos posteriores que no sean incompatibles con esta opinión.*

El Juez Presidente Interino Sr. Snyder disintió.

El Juez Asociado Sr. Marrero no intervino.