CRUZADO
v.
PEOPLE OF PUERTO RICO.

VARGAS–RIVERA et al.
v.
PEOPLE OF PUERTO RICO.
Nos. 4785, 4749.

United States Court of Appeals
First Circuit.
March 11, 1954.

Santos P. Amadeo, Santurce, P. R., with whom Rafael V. Pérez-Marchand, Rio Piedras, and Miguel Vélazquez-Rivera, Aguadilla, P. R., were on briefs, for appellants.

Jaime A. Garcia-Blanco, Sp. Pros. Atty., San Juan, P. R., with whom José Trias Monge, Atty. Gen. of Puerto Rico, and Rafael L. Ydrach Yordan, Asst. Pros. Atty., San Juan, P. R., were on briefs, for appellee.

Before MAGRUDER, Chief Judge, and MARIS and WOODBURY, Circuit Judges.

MAGRUDER, Chief Judge.

The appeal in the case of José Cruzado Ortiz v. The People of Puerto Rico, No. 4785, is from a judgment of the Supreme Court of Puerto Rico entered May 15, 1953, affirming an order of the District Court of Puerto Rico, Mayaguez Section, entered April 29, 1952, denying a motion to set aside several judgments of conviction.

In November, 1950, a group of informations were filed in the insular District Court, charging that appellant

Cruzado and eight other individual co-defendants had committed five separate crimes of assault with intent to commit murder. Upon arraignment on January 10, 1951, Cruzado pleaded not guilty and moved for a trial by jury separate from the trial of the other defendants. Subsequently, on February 14, 1951, Cruzado personally and through his counsel waived a trial by jury and moved that his cases be tried by the court. Pursuant to agreement between counsel for Cruzado and the prosecutor, the court continued the cases against Cruzado to a later date.

On February 14, 1951, the cases against the other eight defendants for assault with intent to commit murder came on for trial before Hon. Willis Ramos Vázquez, sitting with a jury. This trial proceeded for several days, and in accordance with the verdict of the jury rendered on February 23, 1951, four of these defendants were acquitted of the offenses charged and the other four were found guilty.

On April 23, 1951, the separated cases against Cruzado came on for trial before the same judge—Hon. Willis Ramos Vázquez—now sitting without a jury. One of the two counsel representing Cruzado had been counsel for one of the other defendants at the aforesaid jury trial. Cruzado being present before the court on April 23, 1951, and manifesting no dissent, his counsel and the prosecutor presented to the court a stipulation wherein it was agreed that the cases against Cruzado for assault with intent to commit murder should be submitted to Judge Ramos Vázquez upon the evidence introduced by the prosecution and by the defense at the aforementioned jury trial against the co-defendants, including the entire cross-examination and redirect examination of each of the witnesses for both sides. The judge accepted and approved the stipulation, and on April 30, 1951, found the defendant Cruzado guilty of the offenses as charged. Pursuant thereto, judgments were entered in the District Court sentencing Cruzado to serve an indeterminate sentence of from one to twelve years in prison for each of the offenses of assault with intent to commit murder. Defendant Cruzado appealed from these judgments of conviction, but his appeals were dismissed by the Supreme Court of Puerto Rico for abandonment.

Subsequently, on December 5, 1951, Cruzado filed in the District Court a motion to set aside these judgments. The court (Hon. Willis Ramos Vázquez) entered an order denying the motion, from which order Cruzado took an appeal to the Supreme Court of Puerto Rico. The latter court held that the motion to set aside the judgments was a proper and available procedure for raising the questions presented, notwithstanding the abandonment of the direct appeals from said judgments. But on the merits, the Supreme Court of Puerto Rico sustained the order of the District Court denying the said motion to vacate.

■ In so far as the present appeal seeks to raise questions of local law, in the claim that the judgment of the Supreme Court of Puerto Rico is in violation of provisions of the Code of Criminal Procedure of Puerto Rico, we content ourselves with affirming the challenged judgment on the ground that it is not "inescapably wrong" or "patently erroneous". Sancho v. Texas Co., 1940, 308 U.S. 463, 60 S.Ct. 349, 84 L.Ed. 401; De Castro v. Board of Com'rs, 1944, 322 U.S. 451, 64 S.Ct. 1121, 88 L. Ed. 1384.

But it is also claimed by appellant that the judgment appealed from is in disregard of the Sixth Amendment to the Constitution of the United States guaranteeing to the accused the right to "a speedy and public trial," and the right "to be confronted with the witnesses against him"; and is also in disregard of corresponding guarantees contained in § 2 of the old Organic Act, 39 Stat. 951, 48 U.S.C.A. § 737.

The argument that appellant has been convicted without a "trial" seems to be based upon the fact that appellant was

not present at the jury trial of the eight codefendants. But he was present at his own trial, which he elected to have heard by the judge sitting without a jury; and so the objection really goes to the manner in which the evidence was presented at his own trial, and becomes an aspect of the second and more basic objection, namely, that the effect on the stipulation of counsel—to which it does not affirmatively appear that Cruzado personally expressed his assent—was to deprive him of his guaranteed right to be confronted with the witnesses against him. It is said that this right cannot be waived by counsel on behalf of the accused, but that if it can be waived at all the record must expressly show that the accused personally and intelligently made the waiver. We do not agree.

When an accused is represented by counsel, it is generally to be assumed that counsel adapts his trial tactics to what in his judgment is for the best interests of the accused. If the accused, being present, manifests no dissent, it is usually fair to assume that he approves of, or at least acquiesces in, the decisions taken in open court in his behalf by his counsel. We do not say that the trial judge in the case at bar was obliged to accept the joint stipulation tendered by defense counsel and the prosecution. But under the circumstances disclosed, we certainly cannot say that it was an abuse of discretion for the trial judge to do so. As the Supreme Court of Puerto Rico pointed out in its opinion: "Counsel for the defendant possibly formulated the stipulation involved herein, in part, as a question of tactics, considering especially that some of the codefendants had been acquitted on that same evidence. The defendant did not complain of such tactics, and he must suffer the consequences of his counsel's action."

There is no doubt that the right of confrontation may be waived. Díaz v. United States, 1912, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500. And where an accused is represented by counsel, we do not see why counsel, in his presence and on his behalf, may not make an effective waiver of this privilege. It was so held in Fukunaga v. Territory of Hawaii, C.A. 9 Cir., 1929, 33 F.2d 396, certiorari denied 1929, 280 U.S. 593, 50 S.Ct. 39, 74 L.Ed. 641. Appellant suggests that the authority of this case has been weakened by the subsequent opinion in Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, which involved a waiver of the constitutional right to be represented by counsel. But in the nature of things such a right cannot be waived by counsel—because by hypothesis the accused hasn't got one— and so it is proper to insist that the record must show, after due inquiry by the trial judge, that the accused himself intelligently and competently waived that particular right. Incidentally, we are not prepared to assent to all that was said in the opinion in Himmelfarb v. United States, 9 Cir., 1949, 175 F.2d 924, a case decided by the same court which previously had decided the Fukunaga case.

The main advantage which an accused gains by the right to be confronted with the witnesses against him is in the opportunity afforded to subject the prosecution witnesses to cross-examination. It is not denied, however, that after a witness has testified for the government, counsel for the accused may choose to forego cross-examination, and thus may effectively waive the accused's privilege of cross-examination without the express assent of the accused. It is also true that the right of confrontation serves a subordinate purpose, that of having the prosecution witnesses present in court so that the trier of the facts may form a judgment as to their credibility from their demeanor in the witness box. But this particular advantage—which also no doubt may be waived—was in fact not relinquished by the accused in this instance, because the judge who tried Cruzado pursuant to the stipulation was the same judge who had heard the witnesses testify at the jury trial of the co-defendants.

By way of analogy we may refer to United States v. Sorrentino, 3 Cir., 1949, 175 F.2d 721, where it was held that counsel for the accused, consenting on his behalf to a trial *in camera,* had effectively waived the accused's constitutional right to a "public trial". The court said 175 F.2d at page 723: "By virtue of their employment by him the control of the conduct of his defense was confided in them and they were authorized to speak for him in matters such as this which might arise during the course of the trial. Moreover Sorrentino did not at any time indicate to the court that he was not fully satisfied with the action which the trial judge had thus taken with his counsel's consent. It must, therefore, be concluded that he acquiesced in his counsel's judgment that his interests would not be prejudiced and indeed might be served by the reduction which the court ordered in the number of spectators at the trial. We conclude that defendant Sorrentino validly waived his right to a public trial and, therefore, may not now object that it was denied to him." See also Eury v. Huff, 4 Cir., 1944, 141 F.2d 554, as to the waiver of the constitutional right to trial by a jury of twelve men based upon consent by counsel for the accused that the trial might proceed before a 10-man jury. It has even been held that, in the absence of statute or a rule requiring otherwise, counsel for a defendant in a criminal case may, in his presence and on his behalf, effectively enter a plea of guilty for him. Brown v. United States, 8 Cir., 1950, 182 F.2d 933. See United States v. Denniston, 2 Cir., 1937, 89 F.2d 696, 698, 110 A.L.R. 1296, certiorari denied 1937, 301 U.S. 709, 57 S.Ct. 943, 81 L.Ed. 1262; United States v. Moe Liss, 2 Cir., 1939, 105 F.2d 144; Merritt v. Hunter, 10 Cir., 1948, 170 F.2d 739; Taylor v. United States, 9 Cir., 1950, 182 F.2d 473.

The issues presented by appellant are discussed more fully in the opinion of the Supreme Court of Puerto Rico in the Cruzado case and in the opinion of that court in the companion case of Vargas-Rivera v. The People of Puerto Rico, No. 4749, with which opinions we agree.

We need make no separate discussion of the Vargas-Rivera case, which involves essentially the same question, though the conviction there was for a misdemeanor rather than for a felony as in the Cruzado case.

In the two above-entitled cases, the judgments of the Supreme Court of Puerto Rico are affirmed.