**UNITED STATES v. DAVIS.**
No. 11025.

United States Court of Appeals, Seventh Circuit.
April 22, 1954.

Prentice H. Marshall, Chicago, Ill., for appellant.

Robert Tieken, Irwin N. Cohen, U. S. Attys., John Peter Lulinski, Anna R.

Lavin, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

SWAIM, Circuit Judge.

This is an appeal from an order of the District Court denying, without a hearing, the defendant's motion to vacate judgment filed pursuant to Section 2255, Title 28, United States Code. The motion challenged the validity of a judgment of conviction entered on a plea of guilty to an indictment charging the defendant with the violation of federal statutes regulating the importation, purchase and sale of narcotic drugs. The theory presented on this appeal, of those relied upon to support the motion, is that, because of the misrepresentation of defendant's attorney as to the nature of the charge made in the indictment, the plea of guilty was not made voluntarily with an understanding of the nature of the charge.

The record discloses that at the time in question the defendant was charged in three different indictments, each alleging offenses in violation of the federal narcotic laws. One such indictment, No. 49–CR–514, related solely to the defendant and to offenses alleged to have occurred in August 1949; another, No. 49–CR–717, charged the defendant, Mack Thomas and Fannie Mae Jones in the fourth count with conspiracy to violate certain of the federal narcotic statutes; and the third indictment involving the defendant, No. 49–CR–659, contained charges against the defendant and Thomas jointly and against the defendant individually. The offenses charged in this indictment were alleged to have occurred in October 1949. During that month the defendant was free on bail, awaiting trial on No. 49–CR–514. It is the judgment entered on his plea to indictment No. 49–CR–659 which concerns us here.

It appears from the record that the defendant originally entered a plea of not guilty to each of the several indictments. However, when the cases were called for trial on April 3, 1950, the defendant's attorney, who apparently was counsel of the defendant's own choice, withdrew the previous pleas and entered pleas of guilty to the two indictments charging the defendant with substantive offenses. The Government then dismissed the count in No. 49–CR–717 charging conspiracy. Sentences were imposed on April 14, and a motion to reduce sentence was heard and denied on April 24.

On September 30, 1953, after his sentence in 49–CR–514 had been served, the defendant filed his motion to vacate the judgment entered on his plea to indictment 49–CR–659. His motion alleged that he permitted the plea of guilty to be entered in reliance upon the representation of his attorney that the indictment charged him with a conspiracy and not with substantive offenses; that he was under a misconception as to the nature of the charges against him; that he was thus misled and deceived by his attorney; that, therefore, his plea of guilty was not entered voluntarily, and accordingly the judgment is void.

Section 2255 of Title 28, United States Code, provides, in part:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * * *"

Thus, since the District Court denied the motion without a hearing and attendant findings of fact and conclusions of law, its order was proper only if the motion and record show conclusively that the defendant was entitled to no relief. Otherwise, the order must be set aside and the cause remanded for a hearing. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. We must, of course, in considering the narrow question thus presented, accept as true the allegations of fact contained in the motion except as they may be contradict-

ed by the record. United States v. Sturm, 7 Cir., 180 F.2d 413, 414.

■ It is not open to doubt that the defendant's motion alleges matters of a serious and substantial character. "Real notice of the true nature of the charge against him" is a right granted to the accused by the Constitution and it is indispensable to a valid plea. Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed. 859. Where it fairly appears that a plea of guilty "was made under some mistake or misapprehension" the accused should be permitted to withdraw it. Bergen v. United States, 8 Cir., 145 F.2d 181, 187. This principle is clearly implied in Rule 11 of the Federal Rules of Criminal Procedure, 18 U.S.C.: "A defendant may plead * * * guilty * *. The court * * * shall not accept the plea without first determining that the plea is made *voluntarily with understanding of the nature of the charge. * * * *"* (Our emphasis.) This rule is stated in mandatory language and the court is not relieved of the duty which it imposes solely because the accused, as here, is represented by counsel of his choice. The rule is simply and concisely stated, and it makes no such exception. But see United States v. Shepherd, D.C., 108 F. Supp. 721, 723. Of course, a failure to make the determination required would of itself be reversible error only in the absence of a showing that in fact the defendant understood the nature of the charges to which his plea was entered. That is the knowledge which the Constitution requires that the accused have when he enters a plea of guilty. But, of course, we may not presume such knowledge solely from the fact that there was representation by counsel where, as here, the defendant alleges that he was misled by false statements of his counsel. Cf. Howard v. United States, 6 Cir., 186 F. 2d 778. Our problem is to determine whether his allegations are "conclusively" refuted by the record.

The record contains a transcript of the proceedings beginning April 3, 1950, when the defendant pleaded guilty. It does not show that the indictment was read aloud nor the substance of its contents stated in the defendant's presence. He was not asked whether he understood with what he was charged, nor did the court make an inquiry of any kind to ascertain whether the defendant was correctly advised of the nature of the indictment against him.

There were some references by the court and the attorneys as to the true content of the indictment on April 14, eleven days later, when sentence was imposed, and again on April 24, when the motion for reduction of sentence was heard. On the first occasion the Government attorney, during a colloquy with the court, stated several times that the defendant had "sold" heroin to a narcotics agent. He also outlined the punishment for "possession and sale" and "concealment and transportation." Later, in arguing for a reduction of sentence, the defendant's attorney recalled the punishment which the court had imposed for "selling" narcotics. These statements were not directed to the defendant, and we cannot say that the fact that they were made in his presence conclusively shows that he understood their significance. This is particularly true in view of the misinformation which he contends, and which we must assume, was previously given to him by his counsel.

■■ We do not mean to say that a District Court must in every case follow a particular ritual in order to comply with Rule 11. A brief discussion with the defendant regarding the nature of the charges may normally be the simplest and most direct means of ascertaining the state of his knowledge. Or there may be other circumstances from which it is evident that the defendant has the requisite understanding. See Michener v. United States, 8 Cir., 181 F.2d 911, 918; United States v. Denniston, 2 Cir., 89 F. 2d 696, 698, 110 A.L.R. 1296. Whatever the means employed, a fair compliance with the Supreme Court rule would insure that the defendant has the knowledge and understanding essential to a valid plea. Because the record here does

not conclusively show that he had this necessary understanding the defendant is entitled to a hearing on his motion, and an opportunity to be present and to present evidence, if any, to support the allegations of his motion. At the conclusion of such a hearing on a substantial factual issue, such as we have here, the District Court *must* make findings of fact and state its conclusions of law. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.

Prentice H. Marshall, Esq., a member of the Chicago bar, was appointed to represent the defendant in this court, and he has ably presented the defendant's case both in written briefs and in oral argument. We wish to express the court's appreciation for his valuable assistance.

The order appealed from is reversed and the cause is remanded for proceedings not inconsistent with this opinion.

SCHNACKENBERG, Circuit Judge.

I am constrained to dissent.

It is clear that defendant's motion to vacate the judgment and sentence imposed on him on his plea of guilty to indictment 49 Cr. 659 should not be sustained if the motion and the files and records of the case conclusively show that he is entitled to no relief on said motion. Title 28, section 2255 U.S.C.A.

The transcript of the record of the District Court shows that on April 3, 1950, defendant pleaded guilty to indictment 49 Cr. 514, in which he alone was indicted and charged with unlawfully possessing, concealing and transporting heroin and cocaine, etc., and indictment 49 Cr. 659, in which he and one Mack Thomas were jointly indicted on a charge of selling and concealment of heroin. It also appears that there was an indictment 49 Cr. 717, in which defendant as well as Mack Thomas and Fannie Mae Jones were indicted on four counts, count 4 being a conspiracy count.

On April 3, 1950, these indictments came on for trial, at which time defendant was present in open court and was there represented by Antonio M. Gassaway, an attorney of his own selection. In his presence Mr. Gassaway stated:

"I am entering a plea of guilty with reference to * * * 49 Cr 514, as to Fred Davis.

"The Court: As to Fred Davis. Is he alone in that indictment?

"Mr. Gassaway: He is alone in that * * * Now, as to 49 Cr 659, a plea of guilty as to Fred Davis and Mack Thomas.

"The Clerk: Change the pleas in that?

"Mr. Gassaway: That is right. Withdraw pleas of not guilty, and enter pleas of guilty. * * * But the conspiracy count as to Fred Davis and Mack Thomas, that is one of those counts that is included in 49 Cr 659.

"Mr. Cohen (assistant district attorney): If the Court please, as to 49 Cr. 717, upon counsel's statement that he wishes to plead Fannie Mae Jones * * * guilty as to Counts 1, 2 and 3, the Government at this time moves to dismiss as to all defendants in County 4, which is the conspiracy count.

"The Court: There is a plea of guilty on either one or the other indictments as to all defendants, is that right? * * *

"Mr. Gassaway: That is correct. I am making a motion at this time for the Court to defer sentence for about ten days in this matter."

It further appears that on April 14, 1950, the defendant Davis and his attorney, Mr. Gassaway, were again in open court. Pertinent parts of the proceedings are as follows:

"Mr. Piragine (assistant district attorney): Mack Thomas is indicted individually in one indictment, and Fred Davis in another. Then in two other indictments it is Fred Davis and Mack Thomas, and in the fourth it is Fred Davis, Mack Thomas and Fannie Mae Jones. Although the conspiracy was dismissed.

"Mr. Gassaway: Mr. Cohen represents the Government in the other matter where there was a conspiracy; and, as a matter of fact, he made a motion to dismiss that count.

"Mr. Piragine: I am just saying the Government dismissed Count 4, 49 Cr 717.

"Mr. Gassaway: If he dismissed Count 4, the whole thing falls as to everybody except Fannie Mae Jones.

\* \* \* \* \* \*

"Mr. Piragine: The Government dismisses the conspiracy count as to Mack Thomas and Fred Davis.

"Mr. Gassaway: 659, as to Mack Thomas and Fred Davis, there is a plea of guilty.

"The Court: That is right.

"Mr. Gassaway: 49 Cr 514, there was a plea of guilty as to Fred Davis.

"The Court: Yes.

"Mr. Gassaway: As to 49 Cr 284, there was a plea of guilty as to Mack Thomas.

"The Court: That is right.

"Mr. Gassaway: Now, as to 49 Cr 717, there is a plea of guilty as to Fannie Mae Jones.

"The Court: That is right.

"Mr. Piragine: That is what I said.

"Mr. Gassaway: I did not understand that. I understood him to say there was a plea of guilty entered as to all.

"Mr. Piragine: 49 Cr 514, as to *Fred Davis*, on August 23, 1949, pursuant to a search warrant, *defendant was searched, and 19 capsules of heroin and 18 capsules of cocaine were seized.*

"49 Cr 659, October 11, 1949, while on bond in the former case, the defendant *Davis* and Mack Thomas *sold* to a narcotic agent 30 grains of *heroin* for $30; and again on October 20, 1949, in Chicago, *the defendants sold* to a narcotic agent 31 grains of *heroin* for $30. \* \* \*

"In 49 Cr 659, on October 11th, the defendant with Fred Davis, and while out on bond on the previous indictments, sold this narcotic agent 30 grains of heroin for $30.

\* \* \* \* \* \*

"The Court: What is the minimum and maximum?

"Mr. Piragine: The maximum is $2,000 or five years, that is, on possession and sale; and the concealment is $5,000 or ten years, Section 174, Title 21, that is for concealment and transportation.

"The Court: What is the fine?

"Mr. Piragine: $2,000 or five years, or both. That is possession and sale. And under Section 174, $5,000 or ten years, or both.

\* \* \* \* \* \*

"The Court: On indictment 49 Cr 659, that is where they are jointly indicted, five years and $2,000.

"As to Thomas, on 49 Cr 284, two years on the indictment. To run consecutively.

"As to Davis, in 49 Cr 514, two years, to run consecutively with 49 Cr 659, and $2,000 fine. \* \* \*

"Mr. Gassaway: If the Court please, I am making a motion at this time that those sentences run concurrently.

"The Court: No.

"Mr. Piragine: They are well known peddlers, been in the business for years.

"Mr. Gassaway: I am talking to the Court now.

"The Court: No.

"Mr. Gassaway: Motion for stay of execution for about fifteen days.

"The Court: I will stay it—

\* \* \* \* \* \*

"Defendant Davis: What is my sentence?

"The Court: Seven years, and $2,-000."

It further appears that on April 24, 1950, Assistant District Attorney Pira-

gine, Attorney Gassaway, and the defendant, were in open court when the following proceedings occurred.

"Mr. Gassaway: On April 14, 1950, the defendants, Mack Thomas and Fred Davis, were sentenced to one period of five years and a fine and another period of two years, for selling narcotics.

"At this time I am making a motion to reduce sentence, and ask the sentences be permitted to run concurrently instead of consecutively as your Honor stated.

"Mr. Piragine: The Government objects to any reduction in view of the past record of these defendants and their activities in narcotics. They are old peddlers.

"The Court: What did I give them, five years?

"Mr. Piragine: Five years and $2000.00 fine, and two years.

"The Court: In my opinion, when I give anyone five years, they deserve it.

"Mr. Gassaway: I am asking that they run concurrently.

"The Court: Five years total?

"Mr. Piragine: No, seven years total. That is where there were about four indictments.

"The Court: Yes, I remember. No. Motion denied."

The ground for defendant's motion to vacate is that defendant's plea of guilty was entered on a mistaken assumption as to the nature of the crime charged, which assumption was the result of advice from his lawyer that he was pleading guilty to conspiracy and not to a completed substantive offense, whereby he was deceived and misled into entering a plea of guilty by his lawyer and the plea was entered involuntarily.

There can be no question that the proceedings quoted above occurred, and that on each occasion defendant was present in person as well as by competent counsel of his own choice. There is nothing in the motion now before the court to indicate that defendant was not in the possession of the normal faculties of hearing and seeing. He makes no contention that for want of formal education or an understanding of the English language, he could not understand what took place in court in his presence. Defendant at one time personally participated in the proceedings by asking the court as to the extent of the sentence and receiving directly the court's reply that it was seven years.

Defendant's counsel in this court admits that defendant does not proceed on the theory that he never consented to the entry of a guilty plea to *any* charge.

The alleged misrepresentation by defendant's attorney is said to consist of an incorrect statement that a plea of guilty was being entered to a conspiracy charge. However, in defendant's presence in open court the colloquy between counsel and the court clearly indicated that the court was inflicting a punishment under two different charges, one of them being on indictment 49 Cr. 514 on a charge of possession, concealment and transportation of heroin and cocaine, and the other on indictment 49 Cr. 659 on a charge of sales and concealment of heroin. The court was informed by the assistant district attorney as to the maximum punishment on each of these charges. The court thereupon announced *separate* sentences of defendant of five years and $2000 on indictment 49 Cr. 659 and two years and $2000 fine on indictment 49 Cr. 514, directing that the sentences run consecutively. Defendant's attorney then moved that the sentences run concurrently, which motion was denied by the court.

Ten days later defendant and his attorney were again in open court, at which time defendant's attorney made a motion to reduce the sentences and to permit them to run concurrently instead of consecutively. The motion was denied.

Defendant then was sent to the penitentiary, where he is now confined. On September 25, 1953, approximately three years and five months after his sentence, he subscribed and swore to the motion

now under consideration. That motion does not reveal when or how he learned that, as he says, his own attorney deceived him.

The proceedings which took place in defendant's presence and were participated in by his own attorney are inconsistent with defendant's statement that he was deceived by his attorney into believing that he was pleading guilty to conspiracy only. His statement as to what he understood was the charge to which he was pleading guilty and the clear purport of the proceedings in court in his presence are absolutely inconsistent. One of them is false. There is no reason to believe that the record of the proceedings which defendant has caused to be filed in this court is false. Before his pleas of guilty were entered the charge of conspiracy had been dismissed in his presence. Counsel as well as the court discussed the punishment provided by statute for the crimes of possession, concealment, transportation and sales of heroin and cocaine. Of course, the punishment for conspiracy was not even mentioned. The reasoning of the majority opinion seems to be to the effect that the defendant having asserted in his motion that he did not understand the charge to which he was pleading guilty, he is entitled to a hearing on such a motion because, despite the record here, it is possible that he may now be telling the truth. The majority opinion refers to Rule 11 of the Federal Rules of Criminal Procedure: "A defendant may plead * * * guilty * * *. The court * * * shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge * * *",

and points out that "a failure to make the determination required would of itself be reversible error only in the absence of a showing that in fact the defendant understood the nature of the charges to which his plea was entered." The record before us does not reveal an absence, but rather the presence, of a showing that in fact the defendant understood the nature of the charges to which his pleas were entered. It shows it conclusively. His unsupported statement, made for the first time years later (after he had made motions to reduce the sentences and have the sentences run concurrently, which were denied), that he thought he was pleading guilty to conspiracy only is an afterthought. In the light of this record, his feeble assertion that he thought he was pleading guilty to conspiracy only fades away as does the morning dew in the warm rays of the sun. That being so, the record conclusively shows that he is entitled to no relief on his motion and the action of the District Court in overruling the motion was proper and should be affirmed.

In United States v. Denniston, 2 Cir., 89 F.2d 696, at page 698, 110 A.L.R. 1296, the court said:

"If an indicted person is actually present in open court with his attorney who is competent to represent him and does so under circumstances which fairly show that the attorney speaks for his client who understands what is being done and its import and who acquiesces when the attorney enters a plea of guilty for him, nothing but a slavish adherence to archaism could underlie a holding that the plea was void."