The PEOPLE OF the STATE OF NEW
YORK ex rel. John GWYNN,
Petitioner,

v.

Edward M. FAY, Warden of Green Haven
Prison, Stormville, New York,
Respondent.

United States District Court
S. D. New York.

March 29, 1963.

John Gwynn, petitioner, pro se.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, by Barry J. Lipson, Deputy Asst. Atty. Gen., for respondent.

TYLER, District Judge.

Petitioner in this habeas corpus proceeding is presently confined in Green Haven Prison, Stormville, New York, pursuant to a judgment of conviction entered in the Court of General Sessions, New York County, on November 24, 1959 upon petitioner's plea of guilty to the reduced charge manslaughter in the first degree. (New York Penal Law, McKinney's Consol.Laws, c. 40, § 1050). On that date Judge Schweitzer of the Court

of General Sessions sentenced petitioner as a second felony offender to serve a term of not less than 15 nor more than 20 years of confinement.

The judgment of conviction was unanimously affirmed by the Appellate Division, First Department, of the Supreme Court of New York. Thereafter, on February 16, 1962, an order was entered by the Court of Appeals of New York denying petitioner leave to appeal to that court. Petitioner then sought a writ of certiorari in the Supreme Court of the United States to review the last-mentioned order of the Court of Appeals of New York. His petition for certiorari was denied (Gwynn v. New York, 371 U.S. 843, 83 S.Ct. 74, 9 L.Ed.2d 79 (1962)).

It would appear that the petitioner's present application is substantially founded upon the same contentions that were made and found without merit in the state courts. More particularly, he contends that he was denied his right to a prompt trial and that he was denied due process of law "when his application to withdraw his plea of guilty was denied prior to sentence".

Taking up the latter contention first, defendant went to trial on a charge of first degree murder on October 14, 1959. After a number of prosecution witnesses had established that the murder victim was killed by bullets from a pistol fired by a man alighting from an automobile and that Gwynn had alighted from an automobile at that time and place, Gwynn was identified as the killer by James King, a witness for the prosecution. Although at first hostile to the prosecution, King finally testified that he had driven Gwynn to the scene of the crime; that while en route, Gwynn had spoken to him about the beating one of his (Gwynn's) friends had received at the hands of the deceased; that when they reached the scene, Gwynn got out of the car with a pistol in his hand; that thereafter King heard two shots fired; that later in the morning of the crime, Gwynn, who had a pistol in his possession, told King that he had taken one shot at the deceased and a second shot at another man; and that he, Gwynn, hoped that he had hit the deceased. (Trial Transcript, pages 112–35, 150–65). As soon as King had completed his direct examination, the trial court granted a defense request for a recess.

Two hours later after lunch, court reconvened, and defense counsel immediately asked permission of the court for Gwynn to withdraw his plea of not guilty and to enter a plea of guilty to the crime of manslaughter in the first degree. At the same time the prosecution recommended to the court that it accept such a plea. After ascertaining from the petitioner that he had conferred with his counsel concerning the feasibility of consequences of entering such a plea of guilty, the trial court granted the application and accepted Gwynn's plea of guilty (Trial Transcript, pages 168–74).

Before being sentenced on November 24, 1959, petitioner sought to withdraw his guilty plea, asserting in substance that his entry of that plea and admissions of guilt at the time were involuntary acts. More particularly, he claimed that he had pleaded guilty because he was "panicky" and had lost his ability to think independently. The trial judge remarked in substance that the plea had not been entered until some particularly damaging testimony had been given against Gwynn and that on the day of his plea of guilty there was no evidence in the rather protracted discussions in open court concerning a possible plea that Gwynn was "panicky" or confused. Then the trial court in its discretion denied Gwynn's application to withdraw his guilty plea and sentenced him as heretofore indicated.

█ It is settled that a plea of guilty, once made, cannot be withdrawn as a matter of right but only in the sound discretion of the trial court. United States v. Denniston, 89 F.2d 696, 110 A.L.R. 1296 (2d Cir., 1937). Under the circumstances reflected by the record at the trial and at the sentencing, it seems clear that Judge Schweitzer did not abuse his discretion. Gwynn was represented

throughout by experienced counsel. Moreover, counsel so far as the record indicates, acted with the knowledge, comprehension and acquiescence of Gwynn. This impression is fortified by the fact that the defense, immediately after King's damaging testimony, sought and obtained a recess for the obvious purpose of conferring and deciding on a possible plea.

Accordingly, the record contains ample evidence, unrebutted on this motion, to support the finding, apparently reached by the state courts, that Gwynn's plea of guilty was knowing and voluntary. This court also finds that petitioner was deprived of no constitutional right in this area.

But petitioner, pointing out that more than 10 months passed between indictment on November 26, 1958 and commencement of trial on October 14, 1959, also asserts that he was denied his right to a speedy trial. Although he in effect asserts that the Sixth Amendment is directly applicable to state action here, it will be assumed that he means that he was deprived of due process as contemplated by the Fourteenth Amendment in that the delay precluded a fair trial and determination of the charges against him. Odell v. Burke, 281 F.2d 782 (7th Cir., 1960), cert. den., 364 U.S. 875, 81 S.Ct. 119, 5 L.Ed.2d 96 (1960); United States ex rel. Von Cseh v. Fay, 313 F.2d 620 (2d Cir., 1963).

█ On October 14, 1959, at the start of Gwynn's trial, his counsel moved to dismiss the indictment on the ground that he had been denied a prompt trial. After requiring and receiving an affidavit of the prosecutor setting forth the latter's reasons for not bringing on the case earlier, the trial court denied Gwynn's motion. Thus, Gwynn has not waived his rights on this point under New York law or the Constitution of the United States. United States ex rel. Von Cseh v. Fay, supra.

█ In his aforementioned affidavit, the prosecutor had indicated that from December 8, 1958 to January 19, 1959 Gwynn was confined to Bellevue Hospital for psychiatric examination; that Gwynn pleaded not guilty on February 18, 1959; that for significant portions of the months February through June, 1959 the prosecutor was engaged in the trial of predated homicide indictments; that in July, August and September, 1959 the operating trial parts of the Court of General Sessions were congested with other and precedent matters; that in early October, 1959 one of Gwynn's attorneys was engaged in another matter; and that throughout all of these months in 1959 the prosecutor's associates in the Homicide Bureau were engaged in trials of indictments antedating the one here in issue.

On this record, it would not seem that the delay of ten months and some weeks was so unreasonable as to amount to a denial of due process to Gwynn. McDonald v. Hudspeth, etc., 113 F.2d 984, 986 (10th Cir., 1940). It must be observed, however, that in his petition Gwynn makes the general charges that (a) the delay in trial "benefited the people" and resulted in the loss to the defense of important witness; and, (b) the prosecution "had induced other witnesses, through fear and duress, to give incriminating testimony against petitioner in order that these witnesses may avoid prosecution for the crime for which petitioner was indicted."

Both of these allegations are totally conclusory in nature; the petition fails even to suggest specific factual support for either of them. On this record, this is sufficient grounds for denying the petition. Cf., United States ex rel. Birch v. Fay, 190 F.Supp. 105, 107 (S.D.N.Y. 1961).

█ With respect to petitioner's second allegation, at least, petitioner has available to him the State remedy of coram nobis. Cf., New York Code of Criminal Procedure, § 684. His failure to resort to this remedy means that he has not exhausted his remedies within the meaning of 28 U.S.C. § 2254. Accordingly, that statute, together with the principles set forth in Fay v. Noia, 83

S.Ct. 822, render this failure a proper grounds for denying the petition.

Accordingly, petitioner Gwynn's writ is denied.

So ordered.