**HOWARD v. UNITED STATES.**

**No. 11181.**

United States Court of Appeals Sixth Circuit.

Feb. 9, 1951.

---

James Howard, in pro per.

John J. Kane, Cleveland, Ohio, Don C. Miller, U.S. Atty., Cleveland, Ohio, on brief, for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

## PER CURIAM.

The appellant, James Howard, having waived prosecution by indictment, was proceeded against in the district court by information filed by the District Attorney on August 6, 1948, for violation of 26 U.S.C.A. § 2726(a) for illegal possession of a German machine gun. He was arraigned on the same day, and an attorney, appearing for him, entered a plea of guilty. The District Judge imposed a sentence of four years.

On March 9, 1950, he filed a motion to vacate the judgment. On May 10, 1950, the District Judge entered what the record terms an "Endorsed ruling" reading "May 10, 1950—The motion, the files and the records conclusively show that the prisoner is entitled to no relief—Motion overruled." On May 15, 1950, the following order was entered: "Upon consideration, it is ordered that the defendant's motion to vacate the sentence and judgment imposed herein is hereby overruled." This appeal followed.

In brief, the motion states that the City Police of Cleveland, Ohio, entered the house where the appellant was staying without a search warrant, proceeded to search the house and found the machine gun; that he was taken to police headquarters and questioned night and day for more than a week, during which time he was not allowed to see any one; that he was illegally detained and was not taken before a "Committing Magistrate"; that after signing a waiver of trial by jury he was held in jail for three months awaiting trial; that he was threatened every day by the police of the consequences that would result if he did not admit to the ownership of the machine gun and was told if he would plead guilty he would receive a sentence of a year and a day, which would permit him to go free within four months; that after long periods of sleepless nights and questioning, he confessed to the ownership of the gun, following which he was promptly taken before the court, arraigned and sentenced; that "at his trial the lawyer he had neither retained by me or by the Court," but a lawyer employed by a co-defendant volunteered to defend him and advised him to plead guilty, which advice he followed. The motion contended that the appellant's constitutional rights were violated and asked that the sentence be vacated.

We find in the record no response to the motion. The only evidence pertaining to the issue involved is a transcript of the arraignment on August 6, 1948, which shows that there were present an Assistant U. S. Attorney and a lawyer who stated in response to a question by the Clerk that he represented the appellant. This attorney, in response to further questions from the Clerk, stated that the appellant had been served with a copy of the information; that he understood the nature of the charges against him; that the right to have the charges presented to a grand jury and be prosecuted by indictment had been explained to him; and that the appellant wished to waive presentment to a grand jury and be prosecuted by information. Following a statement of the charge by the

Assistant District Attorney, the attorney for the appellant entered a plea of guilty for him. The District Judge thereupon asked the attorney if he wished to be heard before sentence, and the attorney briefly brought to the Court's attention certain possible mitigating circumstances, stating twice during the review of the facts "That is the reason I am pleading him guilty." The appellant was present, but was silent, except for the one answer he gave to an inquiry by the Assistant District Attorney about the date of his arrest. The District Judge made no explanation of the charge to the appellant, directed no question to him during the arraignment, accepted the plea of guilty from the attorney without any verbal confirmation of it from the appellant, and imposed the sentence at the conclusion of what appears from the transcript of approximately two typewritten pages an arraignment of a very few minutes.

The motion to vacate the judgment was made in accordance with provisions of 28 U.S.C.A. § 2255, which provides that a judgment may be vacated if it is shown that it was rendered without jurisdiction, was not authorized by law, or that there has been such a denial or infringement of the constitutional rights of the prisoner, as to render the judgment vulnerable to collateral attack. The statute provides that unless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief, the Court shall grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

The allegations contained in the motion together with the transcript of the arraignment show a possibility of a denial or infringement of the constitutional rights of the appellant. The motion puts in issue his representation by counsel without conflicting interest, as that right has been construed under the Sixth Amendment. Glasser v. United States, 315 U.S. 60, 69–72, 75, 62 S.Ct. 457, 86 L.Ed. 680; Von Moltke v. Gillies, 332 U.S. 708, 725, 68 S.Ct. 316, 92 L. Ed. 309. A defendant without counsel is constitutionally entitled on arraignment to a great deal more explanation and discussion of the charge against him and the facts

affecting a decision to enter a plea of guilty than was given in the present case. See Von Moltke v. Gillies, supra, 332 U.S. at pp. 721–723, 68 S.Ct. 316, 92 L.Ed. 309. Assuming representation by counsel, we do not approve the practice indulged in upon the arraignment in this case, the quick acceptance by the Court of a plea of guilty from an attorney representing a defendant who stands mute without a confirmation by the defendant, following routine questions by the Clerk and answered in like manner by the attorney.

In our opinion, the motion and record in this case do not conclusively show, as required by the statute, that the appellant was entitled to no relief, and accordingly the trial judge should have held a hearing and made findings of fact and conclusions of law with respect to the issues raised by the allegations of the motion. James v. United States, 5 Cir., 175 F.2d 769; Michenor v. United States, 8 Cir., 177 F.2d 422.

The judgment is reversed and the case is remanded to the District Court for that purpose.