Charles Thomas **CHANDLER**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 5093.

United States Court of Appeals Tenth Circuit.

May 4, 1955.

No appearance for appellant.

H. Dale Cook, Oklahoma City, Okl., for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court of the Western District of Oklahoma denying, without a hearing, a motion to vacate under Section 2255 of Title 28 U.S.C.A. The petitioner says that he was denied his constitutional right to the effective assistance of counsel because, as he alleges, his chosen counsel also represented a co-defendant, and led him to believe that he would receive a sentence not exceeding three years instead of the five-year sentence imposed by the judgment of the court; and that his attorney was so ineffective as to "shock the conscience and make the proceedings a farce and a mockery of justice."

The question is whether the files and records of the case conclusively show that the petitioner is entitled to no relief. See Title 28 U.S.C.A., § 2255; United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Wheatley v. United States, 10 Cir., 198 F.2d 325.

The record shows that on February 19, 1952, the petitioner was charged by an indictment returned in the Western District of Oklahoma containing five counts, alleging violations of §§ 2810, 2834, 2833, 2803 and 3321 of Title 26 U.S.C.A. (possession of unregistered still; making and fermenting mash on unauthorized premises; distilling without bond; possession of nontaxpaid spirits; removing and concealing nontaxpaid spirits with intent to defraud the United States of the tax thereon).

On the 21st day of February, 1952, the petitioner and a co-defendant appeared in person and by their attorney, Sid White, and upon arraignment entered a plea of not guilty. At that time petitioner was given a copy of the indictment, and his attorney told the court that he had been advised about the indictment and the penalties. His bond was fixed and he was apparently released upon it.

When the case was called for trial on March 25, 1952, petitioner appeared in person and by his chosen attorney, who stated to the court that he had agreed with the District Attorney to continue the case ninety days, at which time petitioner would enter a plea of guilty. Counsel stated that petitioner hoped to secure employment that he could not get with a conviction, whereupon the case was passed until called to the attention of the court by the District Attorney. When, on May 5, 1952, the case came on for trial, the petitioner appeared in court with his chosen counsel, who reminded the court that the case had been continued for ninety days for a plea of guilty, and that now petitioner wanted to plead guilty. And the court was also advised that "there is a new case." The District Attorney then stated that he had been informed by counsel for petitioner that he desired at that time to change his plea of not guilty to guilty, whereupon the court stated to the petitioner, "You understand what the penalty is in connection with this case." The petitioner answered "Yes, sir", and the court then said, "I might sentence you on some of the counts as much as five years in the penitentiary and a $5,000.00 fine. Do you understand that?" to which the petitioner answered, "Yes, sir", and his attorney also said, "yes, he understands that". Then the court asked, "Are you guilty or not guilty", and the petitioner answered, "Guilty." The court continued, "Now is that to each count or to one count? Are you guilty on all counts, or just any one of them?" The petitioner then answered, "Guilty on them all."

It appears that while on bond, and on the 25th day of April, 1952, the petitioner was again arrested for possession of unregistered still; making and fermenting mash on unauthorized premises; distilling without bond, possession of nontaxpaid spirits; and removing and concealing nontaxpaid spirits with intent to defraud the United States of the tax thereon.

After having received the petitioner's plea on the first case, the court then proceeded to explain in detail the petitioner's right to have the latter case presented to the grand jury before trial or before charge, but that if he wished to waive such right he could consent to be charged by information. The petitioner stated that he wanted to waive presentment to the grand jury and that he had talked to his lawyer about it. Petitioner was then charged by information in five counts with violations of the related liquor laws, and a copy of the information was given to the petitioner. After the charge was formally filed, the District Attorney stated that the government would dismiss counts 1, 2 and 3, leaving counts 4 and 5, each carrying a penalty of not to exceed five years and a fine. When the court asked for the petitioner's plea to those counts, the petitioner answered, "Guilty".

After recess the petitioner was asked if he had anything to say before sentence was passed, whereupon his attorney made a statement in open court, after which the court imposed concurrent sentences in the first case aggregating five years. The imposition of sentence in the second case was reserved and the petitioner was placed on probation for a period of five years to begin at the end of the five-year penitentiary sentence.

The record shows that petitioner's codefendant, on arraignment, was released upon his own recognizance, and the record does not indicate that he ever thereafter appeared in court as petitioner's co-defendant, or that petitioner's chosen counsel ever thereafter represented the two defendants in the same hearing.

■ Assuming, as alleged, that petitioner's counsel led him to believe that the court would impose a sentence of three years, the record affirmatively shows that the petitioner entered a plea of guilty after having been admonished by the sentencing court that he might receive a sentence of five years in the penitentiary and a $5,000 fine. He could not therefore have been tricked or deceived into entering a plea of guilty.

The record conclusively shows that he was adequately represented by counsel.

of his own choosing, that with the advice of counsel and after being fully advised of his rights, he entered a plea of guilty pursuant to which the challenged judgment was imposed.

The judgment of the trial court is affirmed.