John PAPALIA, Petitioner-Appellant,

v.

UNITED STATES of America, Appellee.

No. 489, Docket 28890.

United States Court of Appeals Second Circuit.

Argued June 3, 1964.

Decided June 19, 1964.

Certiorari Denied Oct. 12, 1964. See 85 S.Ct. 74.

Arthur Addess of Bobick & Deutsch, New York City, for petitioner-appellant.

Michael W. Mitchell, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. and Bernard W. Nussbaum, Asst. U. S. Atty., on the brief), for appellee.

Before MOORE, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM.

Eleven months after sentencing, petitioner, John Papalia, moved to withdraw his plea of guilty, Fed.R.Crim.P. 32(d), or in the alternative to vacate the sentence, 28 U.S.C. § 2255 (1958), on the ground that at the time of the plea and sentencing he "was mentally incompetent to either plead or be sentenced." After

hearing the testimony of Papalia and his supporting witnesses, the district judge summarily granted the government's motion to dismiss with the terse comment, "The case is a tissue of lies from A to Z." On this appeal Papalia claims (1) that the district judge erred in failing to make specific findings of fact and conclusions of law and (2) that, on the evidence presented at the hearing, he was entitled to relief.

■ Although Papalia made no request below for formal findings of fact and conclusions of law, he contends here that the failure to make such findings violated 28 U.S.C. § 2255 (1958) which provides:

"Unless the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues *and make findings of fact and conclusions of law with respect thereto.* * * *" (Emphasis added.)

But the district judge's comment clearly indicated the court's essential findings that Papalia's story was unworthy of belief and that Papalia was mentally competent at the time of his plea and sentencing. Although fuller findings might have been helpful, we cannot say that Papalia has been prejudiced by their absence. See Rossiter v. Vogel, 148 F.2d 292, 293 (2d Cir.1945); Huard-Steinheiser, Inc. v. Henry, 280 F.2d 79, 84 (6th Cir. 1960); 5 Moore, Federal Practice ¶52.06[2] (2d ed. 1951).

■ Papalia's contention that on the evidence presented at the hearing he was entitled to withdraw his guilty plea is only a disagreement with the district judge's conclusion. We have examined the evidence and hold that the district judge's conclusion is not clearly erroneous. Papalia did not sustain his burden of proving that he was not mentally competent when he entered his guilty plea and was sentenced. See Holmes v. United States, 323 F.2d 430 (7th Cir.

1963), cert. denied, 376 U.S. 933, 84 S.Ct. 704, 11 L.Ed. 652 (1964); United States v. Harris, 211 F.Supp. 771 (S.D.Fla. 1962), aff'd 316 F.2d 229 (5th Cir.1963).

Affirmed.