No. 44,472

Oscar Case, *Appellant*, v. State of Kansas, *Appellee.*

(411 P. 2d 402)

Opinion filed March 5, 1966.

*Harold N. Jordan,* of Beloit, was on the brief for the appellant.

*Richard H. Seaton,* Assistant Attorney General, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: Petitioner, Oscar Case, is confined in the state penitentiary under sentences imposed by the district court of Mitchell county.

This appeal is from an order denying his motion for relief under the provisions of K. S. A. 60-1507.

On August 15, 1962, a complaint was filed in the county court of Mitchell county charging petitioner with the offense of forgery in the second degree. A warrant was issued forthwith. Petitioner was apprehended on April 17, 1963. On May 16, 1963, he was brought before the county court and an attorney, Harry W. Gantenbein, was appointed to represent him. A preliminary examination was waived and he was bound over to the district court for trial.

On May 24, 1963, petitioner and his court appointed attorney appeared in the district court. Formal arraignment was waived and petitioner entered his plea of guilty to the charge of forgery in the second degree. The court questioned him at length concerning the commission of the offense and as to whether his plea of guilty was made voluntarily. Petitioner then made oral application for a parole and testified in support of such application. The court announced that it would defer sentence and a ruling on the application for

parole pending a report from the State Reception and Diagnostic Center, and petitioner was committed to that institution for examination and evaluation.

On July 27, 1963, it was ordered that petitioner be returned to the district court for sentencing, and on September 12, 1963, he and his court-appointed attorney appeared in court. The application for parole was denied and he was sentenced to confinement in the state penitentiary as provided by law. It was further ordered that he be given credit for the time spent in the county jail and at the State Reception and Diagnostic Center—a total of 148 days.

On September 17, 1963, while confined in the county jail awaiting transportation to the penitentiary, petitioner broke jail and escaped. In the process he assaulted and robbed the sheriff and undersheriff and stole an automobile. He was shortly apprehended and a complaint was filed charging him with six offenses—two counts of assault with a deadly weapon with intent to commit a felony, two counts of robbery in the first degree, breaking custody and escaping from the county jail, and larceny of an automobile.

On September 20, 1963, petitioner appeared in the county court of Mitchell county with his court-appointed attorney, Mr. Gantenbein. A preliminary examination was waived and he was bound over to the district court on each of the six charges against him.

On September 27, 1963, petitioner and his court-appointed attorney appeared in the district court. Formal arraignment was waived and petitioner entered his plea of guilty to each of the six charges. The court questioned him at length as to whether his plea of guilty was made voluntarily and, being assured that it was, petitioner was sentenced to confinement in the penitentiary on each of the charges.

No appeal was taken in either of the cases.

On December 3, 1964, petitioner filed a motion on the prescribed form (see 194 Kan. xxviii) for relief under the provisions of K. S. A. 60-1507. Among other things, he alleged there had been unnecessary delay in his arraignment, that he had been denied the right to bail, that he had been sent to the State Reception and Diagnostic Center, that he had been sent to the penitentiary without a valid commitment, that he had not been furnished a copy of the charges, that his attorney refused to represent him if he pleaded not guilty, and that his plea of guilty was made with the understanding that he would be granted a parole.

The district court considered petitioner's motion as being directed to both of the above mentioned cases, and on January 11, 1965, filed its memorandum denying relief. This memorandum recited in chronological order the facts and details of each of the cases, and the court ruled that an examination of the motion and the files and records of both cases showed conclusively that petitioner was entitled to no relief.

Petitioner appealed from that order and present counsel was appointed to represent him in the appeal.

Only one contention is made—that the court erred in not vacating the convictions and sentences on the ground that petitioner was not fully and adequately advised of his constitutional rights at the time of his arraignment and pleas of guilty. In this connection it also is argued that in the forgery case he was not represented by counsel between the date of his arrest (April 17, 1963) and the date he was first brought before the county court (May 16, 1963), and therefore he was "denied the assistance of counsel" in violation of his constitutional rights.

The contention is completely without merit—and the same is true of other matters mentioned in petitioner's motion but which are not urged in this appeal.

Petitioner was represented by counsel in both cases at the preliminary examination stage and in the district court. The record also shows that before sentence in each case the court inquired in detail as to whether his plea of guilty was understandingly and voluntarily made. Matters raised in petitioner's motion did not require that an evidentiary hearing be held. The court was entirely correct in finding and concluding that an examination of the motion and the files and records of the two cases showed conclusively that petitioner was entitled to no relief under K. S. A. 60-1507.

The judgment is affirmed.