Andrew STEELE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 8605.

United States Court of Appeals.
Tenth Circuit.

June 16, 1966.

Stephen M. Blaes, Wichita, Kan., for appellant.

Lawrence A. McSoud, Tulsa, Okl. (John M. Imel, U. S. Atty., on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

MURRAH, Chief Judge.

Petitioner-Steele appeals from an order denying his motion under § 2255 without a hearing.

Steele was charged, tried and convicted by jury verdict on two counts of an indictment charging possession of an unregistered still and fermenting mash in violation of the Internal Revenue Laws

of the United States, i. e. 26 U.S.C. §§ 5179(a), 5601(a) (1) and 5601(a) (7). He was represented by counsel at every stage of the proceedings against him. The court imposed a sentence of three years confinement on the first count and five years probation on the second count to commence at the expiration of the sentence on the first count. No appeal was taken.

■ In the petition and affidavit on a form prescribed by the court for the use of indigent prisoners he alleged in substance that the sentence was unconstitutionally cruel and unusual because one of the statutes under which he was convicted (§ 5179) had been omitted from the Code as obsolete. The trial court noted, however, that the petitioner had been convicted for possession of an unregistered still in violation of § 5179 (a), not § 5179 which was omitted in the 1958 amendment of Chapter 51 of the Internal Revenue Code of 1954. See Reviser's note following 26 U.S.C.A. § 5179(a). The statute is valid, not obsolete or inoperative. The court also observed that the sentence imposed was within the maximum prescribed by statute and is not subject to collateral attack. We agree. See Randall v. United States, 10 Cir., 324 F.2d 726; Jones v. United States, 10 Cir., 323 F.2d 864.

Petitioner also complains of the sufficiency of the evidence to show that he was in possession or control of the premises where the unregistered still was found and seized. The trial court declined to entertain this contention for the very good reason that it would involve the retrial of the case.

Resourceful counsel has urged on appeal that the inartistically handwritten petition does raise issues of fact which should have moved the trial court to grant a hearing for the purpose of determining the substance of his contention; that only by an evidentiary hearing could the court understand and intelligently rule on petitioner's alleged grievances. Specifically, attention is called to the statement in petitioner's handwritten petition that a named person, if called as a witness, would testify that the premises on which the unregistered still was found and seized was not in the petitioner's possession and control.

■ It is true, of course, as counsel suggests, that the court is justified in denying a petition under § 2255 without a hearing only when it conclusively appears that no issues of fact are presented by a liberal interpretation of the handwritten petition. An applicant for relief under § 2255 " * * * ought not to be held to the niceties of lawyers' pleadings or be cursorily dismissed because his claim seems unlikely to prove meritorious." Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. But, conceding the duty of the trial court to liberally construe all pleadings in cases of this kind to the ends of substantial justice, there is nothing in the pleadings or in the detailed statement of petitioner to indicate that the witness whose testimony he now seeks to adduce was unavailable at the trial of the case, that the nature of his testimony was unknown, or that it was suppressed in any way. It was not incumbent upon the court to conduct an evidentiary hearing on the mere chance that, if called, the witness would testify to any facts which would substantially affect the regularity or integrity of the jury trial pursuant to which petitioner was sentenced. See Hilliard v. United States, 10 Cir., 345 F.2d 252, 255.

■ It is also suggested that the imposition of five years probation on count 2 to commence upon the completion of the three year sentence on count 1 invades the province and discretion of the Federal Boards of Parole and is in any event inconsistent with the salutary purposes of parole and probation. It may well be that sentences of this kind are not the most desirable or efficacious in the rehabilitative process and ought, therefore, to be imposed only in extraordinary circumstances. At the same time, the sentence is not unauthorized, hence not reviewable here.

The judgment is affirmed.