Oscar J. CASE, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 9117.

United States Court of Appeals Tenth Circuit.

April 19, 1967.

Rehearing Denied June 5, 1967.

John H. Fields, Kansas City, Kan., for appellant.

Jon K. Sargent, Asst. Atty. Gen. (Robert C. Londerholm, Atty. Gen., and Daniel D. Metz, Asst. Atty. Gen., on the brief), for appellee.

Before MURRAH, Chief Judge, HILL, Circuit Judge, and EUBANKS, District Judge.

HILL, Circuit Judge.

Appellant appeals from an order denying habeas corpus relief without an evidentiary hearing.

Case is a state prisoner presently serving several sentences imposed upon him in the state court, all after pleas of guilty. On May 24, 1963, he entered a plea of guilty in the District Court of Mitchell County, Kansas, for the crime of second degree forgery and, at that time, made an oral application for probation. The sentencing judge, pursuant to a Kansas statute,[1] deferred sentencing in the case and referred the defendant to the Kansas Reception and Diagnostic Center for examination, evaluation and the making of a report back to the court. On September 12, 1963, Case appeared again before the sentencing court, probation was denied and he was sentenced to the Kansas State Penitentiary for a term of not less than ten years. Upon this sentence, the court gave him credit for all of the time spent in jail and in the Kansas Reception and Diagnostic Center or a total of 148 days. Thereafter on September 27, 1963, Case again appeared in the same court and entered a plea of guilty to charges of (1) escape from custody, (2) larceny of an automobile, (3) felonious assault, and (4) robbery in the first degree. These charges all resulted from a jail break and escape by appellant on September 17, while he was still confined in the Mitchell County Jail, awaiting transportation to the state penitentiary. Again Case entered a plea of guilty to all of these charges and received four additional sentences, all of which were adjudged to run concurrently with each other but consecutively with the sentence previously imposed in the forgery case.

Appellant exhausted his available state remedies[2] and thereafter filed a petition for a writ of habeas corpus in the United States District Court for the District of Kansas.

█ Appellant complains about the delay between his plea of guilty and pronouncement of sentence in his first case. The procedural facts completely answer this point. Most of the delay was occasioned by his confinement in the Diagnostic Center for examination and evaluation following his application for parole. In addition, the sentencing judge took the lapse of time complained of into consideration when sentence was pronounced and gave Case a credit of 148 days upon the sentence. Certainly no prejudice would be shown because of the delay.

█ Appellant also complains about the inadequacy of counsel appointed by the state court to represent him. On this point the petition alleges "Counsel did not represent petitioner fairly nor without conflict of interest, but was prejudiced and alien to his client." It also recites "Counsel without asking his client or being asked by the court voluntarily destroyed petitioner's right to fair representation * * * by reading to the court a rap sheet and had prior thereto stated he would not represent except on a guilty plea * * *." The petition also refers to failure of counsel to point out to the court an error in the date of sen-

---

1. K.S.A. 62–1534.

2. Motion to vacate sentence was filed in the State District Court pursuant to K.S.A. 60–1507, which was denied, and an appeal was taken to the Supreme Court of Kansas from such denial. That court affirmed the sentencing court in Case v. State, 196 Kan. 446, 411 P.2d 402.

tence in the first case but the record clearly refutes this claim of error.

As pointed out in appellee's brief, the claim of inadequate and ineffective counsel is being asserted with increasing frequency. In Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, the Supreme Court recognized this situation and placed upon the trial judge the responsibility of carefully reviewing all such claims before granting or denying an evidentiary hearing. In Martinez v. United States, 10 Cir., 344 F.2d 325, and Stephens v. United States, 10 Cir., 246 F.2d 607, this court pointed out that in a collateral attack upon a judgment in a criminal case the prisoner must allege some factual basis for the relief sought.[3] The trial judge here viewed the files and records before him and concluded that the hearing requirements of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, were not present and that an evidentiary hearing was not necessary. We agree.

Disregarding the factual conclusions alleged by Case, the facts alleged by him, if true, would not establish his right to be released. He entered pleas of guilty in both cases and does not now claim those pleas were other than voluntary. In neither case was the regular applicable statutory sentence enlarged by the use of the sentencing provisions of the Kansas Habitual Criminal Act, K.S.A. 21–107(a). His plea for probation in the first case was clearly given consideration by the court because he was sent to the Diagnostic Center for evaluation prior to pronouncement of sentence.

We must conclude that, under all of the admitted facts and circumstances, Case fared exceptionally well before the bar of the court. We can think of nothing his appointed counsel could have done to produce a better sentencing result.

Affirmed.

3. See also Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; Cannon v. Willingham, 10 Cir., 358 F.2d 719; Steele v. United States, 10 Cir., 362 F.2d 536; Semet v. United States, 10 Cir., 369 F.2d 90; Anderson v. United States, 10 Cir., 367 F.2d 553.