United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 01-21058
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES H. TAYLOR, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-580-1
--------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant James H. Taylor, Jr., appeals his conviction and sentence for possession of counterfeit U.S. currency. We affirm.

We review Taylor's argument that the government breached the plea agreement for plain error only and hold that the record evidences neither express nor implicit advocacy by the government in favor of a U.S.S.G. § 3B1.1(a) adjustment in contravention of the plea agreement, as it is construed by Taylor. See United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Wilder, 15 F.3d 1292, 1301 (5th Cir. 1994). We further hold, on plain error review, that the record is devoid of evidence to support Taylor's contention that the district judge impermissibly participated in the plea negotiations. See FED. R. CRIM. P. 11(e)(1) (2001); United States v. Vonn, 122 S. Ct. 1043, 1046 (2002). Neither is Taylor's belief that the district judge was biased in favor of reaching a plea agreement substantiated by the record; his unsupported subjective belief is an insufficient ground on which to invalidate his guilty plea. See Matthews v. United States, 569 F.2d 941, 943-44 (5th Cir. 1978).

We also hold, on plain error review, that Taylor's waiver of appeal was valid and that he was sufficiently informed of its terms by the district court. See FED. R. CRIM. P. 11(c)(6) (2001); Vonn, 123 S. Ct. at 1046. Having held Taylor's appeal waiver valid, we are without jurisdiction to review the issue whether the district court erred in refusing to depart downwardly pursuant to U.S.S.G. § 3E1.1(a). United States v. Melancon, 972 F.2d 566, 570 (5th Cir. 1992).

We also reject the contention that Taylor's guilty plea was rendered invalid by counsel's alleged ineffective assistance. Taylor has not established the requisite prejudice: He has failed to show that, but for counsel's alleged deficiencies, Taylor would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 687-94, 697 (1984). Finally, the district court did not plainly err in

imposing a two-level enhancement pursuant to U.S.S.G. § 5K2.0. Even though the involvement of family members in a criminal scheme may not be a factor expressly taken into consideration by the Sentencing Commission, its consideration in sentencing is neither forbidden nor discouraged. See Koon v. United States, 518 U.S. 81, 95 (1996); U.S.S.G. §§ 5H1.1-12, 5K2.1-21.

AFFIRMED; Motion for partial dismissal of appeal denied as moot.