**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 21-1338

UNITED STATES,

Appellee,

v.

OSCAR LUIS MENDOZA-FLORES, a/k/a Luiggi,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

Before

Barron, Chief Judge,
Lynch and Howard, Circuit Judges

H. Manuel Hernández for appellant.
Thomas F. Klumper, Assistant United States Attorney, with whom W. Stephen Muldrow, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, were on brief, for appellee.

October 6, 2023

**BARRON, Chief Judge**.  This appeal concerns Fifth and Sixth Amendment challenges that Oscar L. Mendoza-Flores brings to his convictions on federal gun and drug charges.  We affirm.

**I.**

Mendoza-Flores was indicted along with thirty-two others in the District of Puerto Rico in 2015.  The six-count indictment charged him with conspiracy to possess with intent to distribute heroin, crack cocaine, cocaine, marijuana, Oxycodone, and Alprazolam within 1,000 feet of certain public housing projects and other areas, in violation of 21 U.S.C. §§ 841(a)(1), 846, 860 (Count One); four counts of possession with intent to distribute a controlled substance: heroin (Count Two), crack cocaine (Count Three), cocaine (Count Four), and marijuana (Count Five); and possession of firearms in furtherance of a drug-trafficking crime (Count Six).

Mendoza-Flores was tried along with one codefendant in 2019.  Fourteen government witnesses, including eleven law enforcement members and two cooperating witnesses, testified at the weeks-long trial.  The jury returned guilty verdicts on all the counts except for Count Three.  Mendoza-Flores was sentenced to 344 months and fourteen days of imprisonment for his convictions on those five counts.  He now appeals based on asserted trial errors.

The first set of Mendoza-Flores's challenges concerns the District Court's rulings on a recorded jailhouse phone call between one of the government's cooperating witnesses, Edgardo Ramos-Meléndez (nicknamed "Galdito"), and the cooperating witness's mother. Mendoza-Flores claims that the District Court violated his right to a fair trial and to present a complete defense under the Due Process Clause of the Fifth Amendment to the U.S. Constitution and to confront witnesses against him under the Sixth Amendment to the U.S. Constitution. See U.S. Const. amends. V, VI.

Mendoza-Flores contends that is so because he claims the District Court prevented him from using the mother's statements during the call about the witness's untruthfulness to cross-examine -- and thus to impeach -- the witness. He further contends that the District Court violated those same rights by preventing him from introducing those statements by the mother into evidence to impeach the witness.

In pressing this set of challenges, Mendoza-Flores points out that the following exchange occurred at the very start of the call:

> UNIDENTIFIED FEMALE SPEAKER: Galdito, why are you lying?
>
> GALDY: What's that?

FEMALE SPEAKER: Why are you lying?

GALDY: Lying? What are you talking about?

FEMALE SPEAKER: You are lying, because you said your father hit me with a gun in the head one time, and you know you[r] father never touched me; you said he hit you too, but that never happened. These things never happened, not in our entire lives. You know very well that your father never laid a hand on me, let alone any of you; I never allowed him to assault anyone, and you know that.

Mendoza-Flores then contends that the mother's statements from this exchange about the witness "lying" -- which he claims that he was barred from both using on cross-examination and admitting into evidence -- would have permitted him to show the witness's willingness to lie. He explains that the statements would have permitted him to do so because the witness testified days after the phone call that the witness had decided to become an informant for law enforcement to put an end to the abuse to which he claimed the witness's father had subjected him and his mother.

But there is no indication in the record that Mendoza-Flores's trial counsel undertook or wanted to undertake any cross-examination about the phone call. The record does show that the counsel for Mendoza-Flores's codefendant cross-examined the witness about certain statements in the phone call and about the witness's motive for testifying. The record also does show that the counsel for Mendoza-Flores's codefendant objected to certain

- 4 -

limits imposed by the District Court.  Indeed, after the government objected and the District Court found that a predicate for additional questions had not even been established, the counsel for Mendoza-Flores's codefendant objected to that restriction. However, the record shows that Mendoza-Flores's trial counsel never joined, or sought to join, any of these objections by his codefendant or sought to cross-examine the witness about the phone call at all.  Indeed, it was only after the counsel for the codefendant finished the cross-examination of Ramos-Meléndez and stated that she had no further questions that Mendoza-Flores's trial counsel finally spoke, at which point his counsel merely said, "No questions, Your Honor."

As to Mendoza-Flores's claim concerning the admission of the phone call into evidence, the record shows that Mendoza-Flores did not seek at any point to submit the statements by the mother into evidence despite having submitted other evidence into the record when given the opportunity to do so.  Thus, we must reject this set of challenges on the ground that Mendoza-Flores waived them below.  See Cruzado v. Puerto Rico, 210 F.2d 789, 791 (1st Cir. 1954) ("There is no doubt that the right of confrontation may be waived."); United States v. Pridgen, 518 F.3d 87, 91 n.2 (1st Cir. 2008) ("[The defendant] failed to raise his constitutional argument during trial and [thus] could be held to have lost this claim."); United States v. Hansen, 434 F.3d 92, 101 (1st Cir. 2006)

(finding a challenge to the omission of a jury instruction waived when, at trial, counsel stated "I am content" after trial court instructed the jury); United States v. Padilla-Galarza, 990 F.3d 60, 82 n.8 (1st Cir. 2021) ("[A] codefendant's objection, without more, does not preserve any other defendant's claim of error.").

Mendoza-Flores fares no better with his second set of challenges, which concerns the District Court's alleged limitation of his cross-examination of the same cooperating witness about prior sworn statements that the witness had made about a murder in which the witness had participated.  Here, again, Mendoza-Flores appears to root this set of challenges in his Due Process right to present a complete defense and his Sixth Amendment right to confront witnesses against him.

As Mendoza-Flores puts it, the District Court improperly "concluded that the cross-examination on possible prior perjury . . . was 'collateral' and made clear that defense counsel's cross-examination was being curtailed."  As a result, according to Mendoza-Flores, he was not "allowed to fully and fairly confront the government's star witness with possible prior instances of perjury and believed he could not explore this line of impeachment any further."

But the record shows that -- during the cross-examination of the witness -- Mendoza-Flores's counsel informed the District Court that he had a "final question," that the

District Court permitted the counsel to ask that question (despite determining that this question was "collateral"), and that the counsel asked it ("[Y]ou stated that you had shot just one time, correct?") and also additional questions beyond that "final question." Mendoza-Flores does suggest that his trial counsel was barred from asking other questions despite what the record shows. But there is no record support for that contention, and in any event, Mendoza-Flores fails to identify what those other questions would have been. Thus, we must reject this set of challenges on the straightforward ground that its factual premise -- that Mendoza-Flores was barred from asking questions he sought to ask -- is entirely lacking in record support.[1]

**III.**

The judgment of the District Court is affirmed.

---

[1] Insofar as Mendoza-Flores may be raising a separate, non-constitutional claim that the District Court nevertheless abused its discretion, he has not developed that argument. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Moreover, because of our determinations that Mendoza-Flores's challenges fail either on waiver grounds or due to a lack of record support, we must also reject his claim of cumulative error, as he has failed to show that there was any error at all. See United States v. Stokes, 124 F.3d 39, 43 (1st Cir. 2016) ("While trial errors which in isolation appear harmless may have a cumulative effect so prejudicial as to require reversal, the operation of that principle depends on the existence of two or more errors.").